

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00193-CR

---

JEFFREY CRAIG VUILLEMIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 428th District Court
Hays County, Texas
Trial Court No. CR-19-0180-D, Honorable William R. Henry, Presiding

---

July 26, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

After Appellant, Jeffrey Craig Vuillemin, was convicted by a jury of continuous sexual abuse of three children, M.G., L.P., and K.G., children under fourteen years of age,[1] by penetrating their sexual organs with his finger during a period of more than 30

---

[1] To protect the privacy of the victims, we identify them by their initials. *See* TEX. CONST. art. 1 § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

days in duration, and sentenced to thirty-years' confinement,[2] he brought this appeal.[3] His counsel filed an *Anders* brief[4] in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

Appellant's counsel has certified that after diligently searching the record and conducting a conscientious examination of the record, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). By letter dated February 17, 2023, Appellant's counsel provided Appellant with his motion to withdraw, a copy of his *Anders* brief, a copy of the appellate record and informed Appellant of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. On March 31, 2022, Appellant filed his pro se response.

We have carefully reviewed counsel's *Anders* brief and Appellant's pro se response. We have also conducted an independent review of the record to determine whether there are any nonfrivolous issues that were preserved in the trial court which might support an appeal. Like counsel, we conclude there are no plausible grounds for appellate review. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d

---

[2] *See* TEX. PENAL CODE ANN. § 22.01(a), (b), (c)(4), (h) (a first-degree felony).

[3] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[4] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[5]

Lawrence M. Doss
Justice

Do not publish.

---

[5] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.